UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**NO SUMMONS ISSUED**

-------------------------------------------X

**CV 14 - 00673**

Case No.:

EUIJA BYUN,

                Plaintiff,

   - against -

TUTOR PERINI CORPORATION f/k/a PERINI
CORPORATION and HENRY K. CHEUNG,

              Defendants.

**NOTICE OF REMOVAL**

-------------------------------------------X

TO:  THE HONORABLE JUDGES OF THE UNITED STATES
     DISTRICT COURT FOR THE EASTERN DISTRICT
     OF NEW YORK

    **PLEASE TAKE NOTICE**, that defendants Tutor Perini Corporation
f/k/a Perini Corporation and Henry K. Cheung, by their undersigned
attorneys, The Law Offices of Kenneth Arthur Rigby, PLLC, respectfully
submit as follows:

    1.   The above-captioned civil action was filed in the Supreme
Court of the State of New York, County of Queens, on or about November
1, 2013, by Summons and Verified Complaint dated October 24, 2013, and
currently is pending in that Court under Index Number 20237/2013.  A
copy of the Summons and Verified Complaint is annexed hereto as
Exhibit "1".

    2.   According to affidavits of service, (a) the Summons and
Verified Complaint was served on defendant Tutor Perini Corporation
f/k/a Perini Corporation by delivery to the Secretary of State in
Albany, New York, on November 21, 2013, and (b) the Summons and

Verified Complaint was served on defendant Henry K. Cheung by delivery to the Secretary of State in New York, New York, on November 6, 2013, with a follow-up mailing, on November 15, 2013, to Mr. Cheung at 178 Limekiln Road, Ridgefield, Connecticut 06877. *See* Exhibit "2" annexed hereto.

3.     The Verified Complaint in this action alleges that on or about June 12, 2013, the defendants' motor vehicle came into contact with the body and/or person of the plaintiff at, about and/or upon Parsons Boulevard at, about, near and/or in the vicinity of Holly Avenue in the County of Queens, State of New York, causing the plaintiff to sustain severe, serious and permanent personal injuries. *See* Exhibit "1" annexed hereto, at Paragraphs 24-26.

4.     The Verified Complaint contains a general prayer for relief, but does not state a specific amount of damages to which the plaintiff deems herself entitled.   *See* Exhibit "1" annexed hereto, at Paragraph 33 and at the concluding "WHEREFORE" clause.

5.     Limited proceedings have taken place in the Supreme Court of the State of New York, County of Queens, since the filing of the Summons and Verified Complaint.   These limited proceedings are the following:

   a.     On January 8, 2014, this law office served a Verified Answer (dated January 8, 2014) on behalf of defendants Tutor Perini Corporation f/k/a Perini Corporation and Henry K. Cheung (*see* Exhibit "3" annexed hereto);

b.  On January 8, 2014, this law office also served a Request For Supplemental Demand (dated January 8, 2014) on behalf of defendants Tutor Perini Corporation f/k/a Perini Corporation and Henry K. Cheung requesting, pursuant to CPLR §3017(c), that the plaintiff set forth the total damages to which she deems herself entitled (*see* Exhibit "4" annexed hereto);

c.  On or about January 13, 2014, the plaintiff's counsel served by regular mail Plaintiff's Response To Defendants' Request For Supplemental Demand (dated January 13, 2014) (*see* Exhibit "5" annexed hereto); and

d.  On or about January 13, 2014, the plaintiff's counsel also served a Notice To Admit (dated January 13, 2014) (*see* Exhibit "6" annexed hereto).

6.  The Plaintiff's Response To Defendants' Request For Supplemental Demand (dated January 13, 2014), which this law office received on January 16, 2014, particularizes for the first time the amount of damages to which the plaintiff deems herself entitled and, specifically, demands the sum of $1,000,000.00 in damages.   *See* Exhibit "5" annexed hereto.

7.  The plaintiff alleges in her Verified Complaint that she is a resident of the State of New York (*see* Exhibit "1" annexed hereto, at Paragraph 1); and the Summons recites that the plaintiff resides at

46-57 160th Street, 2nd Floor, Flushing, New York 11358 (see Exhibit "1" annexed hereto).

8.    Defendant Tutor Perini Corporation f/k/a Perini Corporation is incorporated under the laws of the State of Massachusetts with its principal place of business located at 15901 Olden Street, Sylmar, California 91342. See Exhibit "7" annexed hereto.

9.    Defendant Henry K. Cheung is a resident of the State of Connecticut. See Exhibit "1" and Exhibit "2" annexed hereto.

10.   This Court has original jurisdiction of this action, pursuant to 28 U.S.C. §1332(a), on the grounds of diversity of citizenship.

11.   Removal of this action to this Court is proper, pursuant to 28 U.S.C. §1441(a), because the Eastern District of New York is the judicial district embracing the place where the State court action is pending.

Dated:  New York, New York
        January 31, 2014

                              Respectfully submitted,

                              THE LAW OFFICES OF
                              KENNETH ARTHUR RIGBY, PLLC
                              Attorneys for Defendants
                              TUTOR PERINI CORPORATION
                              f/k/a PERINI CORPORATION and
                              HENRY K. CHEUNG

                              By: _____
                                  John R. Wiess (JW 9563)
                                  15 Maiden Lane, Suite 1500
                                  New York, New York 10038
                                  (212) 629-7575

-4-

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------X
EUIJA BYUN,

                              Plaintiff,

        - against-

TUTOR PERINI CORPORATION f/k/a PERINI
CORPORATION and HENRY K. CHEUNG,

                              Defendants.

------------------------------------------------------------X

Date of Purchase
and Filing:  11|1|13

Index No.:  20287- 13

Plaintiff designates
**Queens County**
as the place of trial
of this action.

**S U M M O N S**

The basis of venue is the
Plaintiff's, Euija Byun,
residence.

The Plaintiff resides at:
46-57 160th Street, 2nd Floor
Flushing, New York 11358

**To the above-named Defendant(s):**

        **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve
a copy of your answer on the Plaintiff's attorneys within twenty (20) days after the service of this
Summons, exclusive of the day of service of this Summons, or within thirty (30) days after
service of this Summons is complete if this Summons is not personally delivered to you within
the State of New York. In case of your failure to answer this Summons, a judgment by default
will be taken against you for the relief demanded in the Complaint, together with the costs of this
action.

Dated: Garden City, New York
       October 24, 2013

                              Yours, etc.,

                              SACKSTEIN SACKSTEIN & LEE, LLP

                              By: Christina C. Vassilas, Esq.
                              Attorneys for Plaintiff
                              1140 Franklin Avenue, Suite 210
                              Garden City, New York 11530
                              (516) 248-2234

**Defendants' addresses:**

TUTOR PERINI CORPORATION f/k/a PERINI CORPORATION - c/o C T Corporation
System, 111 Eighth Avenue, New York, New York 10011.

HENRY K. CHEUNG - c/o Secretary of State of the State of New York
**(Mailing address: Henry K. Cheung, 178 Limekiln Road, Ridgefield, Connecticut 06877)**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------X

EUIJA BYUN,                                                      Index No.:

                              Plaintiff,

                                                                **VERIFIED COMPLAINT**

          -against-

TUTOR PERINI CORPORATION f/k/a PERINI
CORPORATION and HENRY K. CHEUNG,

                              Defendants.
------------------------------------------------------------------X

          Plaintiff, complaining of the Defendants, by her attorneys, SACKSTEIN SACKSTEIN &

LEE, LLP, respectfully alleges upon information and belief and at all times hereinafter

mentioned as follows:

          1.        That at the time of the commencement of the within action, the Plaintiff, EUIJA

BYUN, was a resident of the County of Queens, State of New York.

          2.        That at all times herein mentioned, the Defendant, TUTOR PERINI

CORPORATION f/k/a PERINI CORPORATION, was and still is a foreign business corporation.

          3.        That at all times herein mentioned, the Defendant, TUTOR PERINI

CORPORATION f/k/a PERINI CORPORATION, was and still is a foreign business corporation,

duly authorized to do, transact and/or conduct business in the State of New York, pursuant to the

laws of the State of New York.

          4.        That at all times herein mentioned, the Defendant, TUTOR PERINI

CORPORATION f/k/a PERINI CORPORATION, was and still is a foreign business corporation,

doing, transacting and/or conducting business and/or providing and/or rendering services within

the State of New York.

5. That at all times herein mentioned, the Defendant, TUTOR PERINI CORPORATION f/k/a PERINI CORPORATION, was the owner of a motor vehicle bearing State of New York Registration Number ESU7527.

6. That at all times herein mentioned, the Defendant, TUTOR PERINI CORPORATION f/k/a PERINI CORPORATION, was the owner of a motor vehicle bearing State of New York Registration Number ESU7527, which was involved in a motor vehicle collision with a pedestrian on June 12, 2013.

7. That at all times herein mentioned, the Defendant, TUTOR PERINI CORPORATION f/k/a PERINI CORPORATION, was the owner of a motor vehicle bearing Vehicle Identification Number 4JGBF71E88A347040.

8. That at all times herein mentioned, the Defendant, TUTOR PERINI CORPORATION f/k/a PERINI CORPORATION, was the owner of a motor vehicle bearing Vehicle Identification Number 4JGBF71E88A347040, which was involved in a motor vehicle collision with a pedestrian on June 12, 2013.

9. That at all times herein mentioned, the Defendant, TUTOR PERINI CORPORATION f/k/a PERINI CORPORATION, was the registrant of a motor vehicle bearing State of New York Registration Number ESU7527.

10. That at all times herein mentioned, the Defendant, TUTOR PERINI CORPORATION f/k/a PERINI CORPORATION, was the registrant of a motor vehicle bearing State of New York Registration Number ESU7527, which was involved in a motor vehicle collision with a pedestrian on June 12, 2013.

11. That at all times herein mentioned, the Defendant, TUTOR PERINI CORPORATION f/k/a PERINI CORPORATION, was the registrant of a motor vehicle bearing

Vehicle Identification Number 4JGBF71E88A347040.

12.     That at all times herein mentioned, the Defendant, TUTOR PERINI CORPORATION f/k/a PERINI CORPORATION, was the registrant of a motor vehicle bearing Vehicle Identification Number 4JGBF71E88A347040, which was involved in a motor vehicle collision with a pedestrian on June 12, 2013.

13.     That at all times herein mentioned, the Defendant, HENRY K. CHEUNG, was the operator of a motor vehicle bearing State of New York Registration Number ESU7527.

14.     That at all times herein mentioned, the Defendant, HENRY K. CHEUNG, was the operator of a motor vehicle bearing State of New York Registration Number ESU7527, which was involved in a motor vehicle collision with a pedestrian on June 12, 2013.

15.     That at all times herein mentioned, the Defendant, HENRY K. CHEUNG, was the operator of the aforesaid motor vehicle bearing State of New York Registration Number ESU7527, and was operating said motor vehicle with the permission and consent of the Defendant, TUTOR PERINI CORPORATION f/k/a PERINI CORPORATION.

16.     That at all times herein mentioned, the Defendant, HENRY K. CHEUNG, was the operator of the aforesaid motor vehicle bearing State of New York Registration Number ESU7527, and was operating said motor vehicle with the permission and consent of the Defendant, TUTOR PERINI CORPORATION f/k/a PERINI CORPORATION, the owner thereof.

17.     That at all times herein mentioned, the Defendant, HENRY K. CHEUNG, was the operator of the aforesaid motor vehicle bearing State of New York Registration Number ESU7527, and was operating said motor vehicle with the permission and consent of the owner thereof.

18.     That at all times herein mentioned, the Defendant, HENRY K. CHEUNG, was an employee of the Defendant, TUTOR PERINI CORPORATION f/k/a PERINI CORPORATION.

19.     That at all times herein mentioned, the Defendant, HENRY K. CHEUNG, was an agent and/or servant of the Defendant, TUTOR PERINI CORPORATION f/k/a PERINI CORPORATION.

20.     That at all times herein mentioned, the Defendant, HENRY K. CHEUNG, was the operator of the aforesaid motor vehicle bearing State of New York Registration Number ESU7527, and was operating said motor vehicle while acting within the course of his employment.

21.     That at all times herein mentioned, the Defendant, HENRY K. CHEUNG, was the operator of the aforesaid motor vehicle bearing State of New York Registration Number ESU7527, and was operating said motor vehicle while acting within the course of his employment for the Defendant, TUTOR PERINI CORPORATION f/k/a PERINI CORPORATION.

22.     That at all times herein mentioned, the Plaintiff, EUIJA BYUN, was a pedestrian.

23.     That at all times herein mentioned, Parsons Boulevard, at, about, near and/or in the vicinity of Holly Avenue, in the County of Queens, State of New York, were and still are public highways.

24.     That on or about the 12th day of June, 2013, the Defendants' aforesaid motor vehicle, bearing State of New York Registration Number ESU7527, came into contact with the body and/or person of the pedestrian Plaintiff, EUIJA BYUN.

25.     That on or about the 12th day of June, 2013, the Defendants' aforesaid motor vehicle, bearing State of New York Registration Number ESU7527, came into contact with the body and/or person of the pedestrian Plaintiff, EUIJA BYUN, at, about and/or upon Parsons Boulevard, at, about, near and/or in the vicinity of Holly Avenue, in the County of Queens, State of New York.

26.     That as a result of the aforesaid collision, the Plaintiff, EUIJA BYUN, was caused to sustain certain severe, serious and permanent personal injuries.

27.     That the said accident and the injuries to the Plaintiff, EUIJA BYUN, resulting therefrom, were caused and sustained solely and wholly as a result of the carelessness and negligence on the part of the Defendants, their agents, servants and/or employees, in the ownership, operation, management, maintenance, supervision, inspection, repair and/or control of their aforesaid motor vehicle; in causing and permitting their aforesaid motor vehicle to be operated over and along the aforementioned public highways in a careless and negligent manner so as to cause their aforesaid motor vehicle to hit, strike, run into, come into contact with and/or collide with the body and/or person of the pedestrian Plaintiff, EUIJA BYUN; in carelessly and negligently causing and permitting their aforesaid motor vehicle to be operated over and along the aforementioned public highways at a high and excessive rate of speed and/or at a greater rate of speed than care and caution permitted under the circumstances then and there existing; in operating their aforesaid motor vehicle while same was in a broken and defective condition and/or in a state of disrepair with notice and knowledge thereof; in failing to comply with the applicable laws, statutes, rules, regulations and/or ordinances of the State and/or City of New York governing vehicular traffic; in carelessly and negligently failing and omitting to provide and/or make timely and prompt use of adequate and efficient brakes, signaling devices, horns and

steering mechanisms; in that the Defendant, HENRY K. CHEUNG, carelessly and negligently

failed and omitted to keep and maintain a proper lookout, and to be reasonably alert; in that the

Defendant, HENRY K. CHEUNG, operated his aforesaid motor vehicle in disregard of traffic

and/or pedestrian conditions then and there existing; in that the Defendants' aforesaid motor

vehicle gave no signal or warning of its approach prior to the subject accident; in that the

Defendant, HENRY K. CHEUNG, carelessly and negligently hit, struck, ran into, came into

contact with and/or collided with the body and/or person of the pedestrian Plaintiff, EUIJA

BYUN; in that the Defendant, HENRY K. CHEUNG, carelessly and negligently caused, allowed

and/or permitted his aforesaid motor vehicle to hit, strike, run into, come into contact with and/or

collide with the body and/or person of the pedestrian Plaintiff, EUIJA BYUN; in that the

Defendant, HENRY K. CHEUNG, failed to see and observe that which was there to be seen, to

wit, the pedestrian Plaintiff, EUIJA BYUN; in that the Defendant, HENRY K. CHEUNG, failed

to yield the right of way to the pedestrian Plaintiff, EUIJA BYUN; in that the Defendant,

HENRY K. CHEUNG, carelessly and negligently made a left-hand turn; in that the Defendant,

HENRY K. CHEUNG, made a left-hand turn when it was unsafe and/or imprudent to do so; and

the Defendants, their agents, servants and/or employees, were otherwise careless and negligent in

failing and omitting to take proper and suitable precautions to avoid the said accident and

collision.

      28.     That by reason of the foregoing, and the wrongful, unlawful and negligent acts

and omissions on the part of the Defendants, their agents, servants and/or employees, as

aforesaid, the Plaintiff, EUIJA BYUN, was rendered sick, sore, lame and disabled and was

seriously and permanently injured and so remains; suffered and will continue to suffer agony in

body and mind; was unable to pursue her regular activities and vocation for a long period of

time; was and will be compelled to secure medical aid and medicines in an effort to cure or minimize her injuries and was compelled to expend and become liable for diverse sums of money in an effort to cure herself of her injuries, and since some of her injuries are believed to be of a permanent and lasting nature, upon information and belief, she will continue to be so deprived and so liable for damages in the future.

29. That the aforesaid collision and the injuries to the Plaintiff, EUIJA BYUN, resulting therefrom, were caused and sustained solely and wholly by reason of the carelessness and negligence on the part of the Defendants, their agents, servants and/or employees.

30. That the aforesaid collision and the injuries to the Plaintiff, EUIJA BYUN, resulting therefrom, were in no way caused by the carelessness, negligence, wrongdoing and/or want of care on the part of the Plaintiff, EUIJA BYUN, contributing thereto.

31. That as a result of the aforesaid, the Plaintiff, EUIJA BYUN, sustained serious personal injuries, resulting in basic economic loss and non-economic loss, as defined under the Insurance Law of the State of New York and has the right of recovery against the Defendants herein for personal injuries, basic economic loss and non-economic loss, pursuant to §§ 5102 and 5104 of the Insurance Law of the State of New York.

32. That one or more of the exceptions to CPLR Article 16, as set forth in CPLR § 1602, are applicable to the instant cause of action, including, but not limited to, CPLR § 1602, subdivision (6).

33. That as a result of the foregoing, the Plaintiff, EUIJA BYUN, has been damaged in an amount of damages that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, the Plaintiff, EUIJA BYUN, herein demands judgment against the

Defendants in an amount of damages that exceeds the jurisdictional limits of all lower courts

which would otherwise have jurisdiction; together with the costs and disbursements of this

action.

Dated: Garden City, New York
       October 24, 2013

                        Yours, etc.,

                        SACKSTEIN SACKSTEIN & LEE, LLP

                        By: Christina C. Vassilas, Esq.
                        Attorneys for Plaintiff
                        1140 Franklin Avenue, Suite 210
                        Garden City, New York 11530
                        (516) 248-2234

## ATTORNEY VERIFICATION

STATE OF NEW YORK    )
                           ) ss.:

COUNTY OF NASSAU    )

        The undersigned, an attorney duly admitted to practice in the Courts of New York State, shows:

        Deponent is an associate with the law firm of the attorneys of record for the Plaintiff in the within action; Deponent has read the foregoing Complaint and knows the contents thereof; the same is true to Deponent's own knowledge, except as to those matters therein stated to be alleged upon information and belief, and that as to those matters Deponent believes them to be true.

        This Verification is made by Deponent and not by the Plaintiff by reason of the fact that the Plaintiff does not reside in the County wherein Deponent has her office.

Dated: Garden City, New York
      October 24, 2013

                                  CHRISTINA C. VASSILAS, ESQ.

Index No.: 701062/12                              Cal. No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

EUIJA BYUN,

                            Plaintiff,

        -against-

TUTOR PERINI CORPORATION f/k/a PERINI CORPORATION and
HENRY K. CHEUNG,

                            Defendants.

---

## SUMMONS AND VERIFIED COMPLAINT

---

### SACKSTEIN SACKSTEIN & LEE, LLP
Attorneys for Plaintiff
1140 Franklin Avenue – Suite 210
Garden City, New York 11530
(516) 248-2234

---

To:

*Attorneys for* Defendants

---

Service of a copy of the within                        is hereby admitted.

Dated                              . . . . . . . . . . . . . . . . . . . .
                                        Attorney(s) for

---

PLEASE TAKE NOTICE

☐        that the within is a (certified) true copy of a
         entered in the office of the clerk of the within named court on

NOTICE OF
ENTRY

☐        that an Order of which the within is a true copy will be presented
         for settlement to the Hon.                one of the
         judges of the within named Court.

NOTICE OF
SETTLEMENT

Dated:

12/13/2013 FRI 14:36  FAX                                                                      ☒004/004

Sackstein
438112



**COPY**

STATE OF NEW YORK
SUPREME COURT

COUNTY OF QUEENS

INDEX NO: 20237-13
FILED ON:  November 1, 2013
DISTRICT:

RECEIVED
DEC 0 5 2013
COUNTY CLERK
QUEENS COUNTY

*Euija Byun*

vs

Plaintiff(

*Tutor Perini Corporation f/k/a Perini Corporation et ano*

Defendant(s

STATE OF NEW YORK, COUNTY OF ALBANY, SS.:

**AFFIDAVIT OF SERVICE**
**BY THE SECRETARY OF STAT**

_____ Shayne Collen _____ , being duly sworn, deposes and says: deponent is over

the age of eighteen (18) years; that on _____ November 21, 2013 _____ , at ___ 11:35am ___ , at the office

of the Secretary of State of the State of New York in the City of Albany, New York, deponent served the annexed

_____ Summons and Verified Complaint _____

_____ , o

_____ Tutor Perini Corporation f/k/a Perini Corporation _____

Defendant in this action, by delivering to and leaving with _____ Chad Matice _____ , Authorized Agent, in the Office of

the Secretary of State of the State of New York, personally at the Office of the Secretary of State of the State of New

York, two (2) true copies thereof and that at the time of making such service, deponent paid said Secretary of State

the statutory fee, if required. Service was made pursuant to Section  306 Business Corporation Law .

☐  Service was completed by mailing notice of such service and one (1) true copy thereof by     ☐ Registered or

☐ Certified Mail, # _____ , Return Receipt Requested on _____

to said defendant at: _____

Papers so served were properly endorsed with the index number and date of filing.

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office of the

Secretary of State of the State of New York, duly authorized to accept such service on behalf of said defendant.

Description of the person served:  Approx. Age: _27 years_   Approx. weight: ___190___   Approx. Ht.: ___6'2'___

Sex: __Male__   Color of skin: __White__   Color of hair: __Brown__   Other: Glasses

Sworn to before me on___ November 25, 2013 _____

_Marcy A. O'Hare_

MARCY A. O'HARE
NOTARY PUBLIC, State of New York
No. 4665530, Qualified in Albany County
Term Expires July 14, 2014

Shayne Collen

Invoice-Work Order # 1306004

12/13/2013 FRI 14:34 FAX ☑001/004

**SUPREME COURT OF THE STATE OF NEW YORK**
**QUEENS COUNTY**

Y
INDEX #: 20237/13

EUIJA BYUN,

DATE FILED: 11/1/2013
Job #: 433113
Your File No:

vs                                      *Plaintiff*

TUTOR PERINI CORPORATION F/K/A PERINI CORPORATION AND HENRY K. CHEUNG,

SACKSTEIN, ET AL.
1140 FRANKLIN AVE STE 210
GARDEN CITY, N.Y. 11530
COURT DATE

*Defendant*

CLIENT'S FILE NO.:

**RECEIVED**
**NOV 2 1 2013**
**COUNTY CLERK**
**QUEENS COUNTY**

STATE OF New York: COUNTY OF Nassau    ss:

Robert Piaskowy, being duly sworn deposes and says:

That on 11/6/2013 at 3:47 PM, deponent personally delivered to, and left with  A. JOHN whom deponent knew to be the clerk duly authorize to accept service of process for and on behalf of the Secretary of State of the State of New York, a true copy of the SUMMONS AND VERIFIED COMPLAINT  in the above entitled action, together with the fee of $10.00, as a service upon HENRY K. CHEUNG one of the defendant's in this action;

that such service was made at a regularly established office of the Secretary of State of New York, C/O SEC OF STATE, VTL 253, NEW YORK,  NY, 10038

pursuant to Section 253/254 of the Vehicle and Traffic Laws of the State of New York.

Forthwith, following service of the said process upon the Secretary of State as aforesaid, deponent duly sent by certified mail and return rece requested, a notice of such service and a true copy of the SUMMONS AND VERIFIED COMPLAINT herein to the defendant at 178 LIMEKIL ROAD, RIDGEFIELD, CT  06877

by placing sufficient postage, duly certified the same with due request for return receipt requested, and personally leaving the same at the United States Postal Service in the State of New York for transmittal in the mail on 11/15/2013.

CERT MAIL 7012 3460 0001 1660 4003 & RETURN RECEIPT REQUESTED

A description of the person served on behalf of the defendant is as follows:
Approx Age: 32, Approx Weight: 161-200 lbs, Approx Height: Over 6ft, Sex: Male, Approx Skin: White, Approx Hair: Brown

Sworn to before me on 11/15/2013
Bruce J. Smilowitz 01SM4965926
Notary Public, State of New York
Qualified in Nassau County
Commission Expires April 30, 2014



Robert Piaskowy
1298947

R/D TRAVELER'S 206 Stonehinge Lane - Suite 2, Carle Place, NY 11514 - NYC DCA LIC # 1373465

12/13/2013 FRI 14:35  FAX                                                        ☑002/004

**SUPREME COURT OF THE STATE OF NEW YORK**
**QUEENS COUNTY**

Y
INDEX #: 20237/13

EUIJA BYUN,

DATE FILED: 11/1/2013
Job #: 433113
Your File No:

*vs*                                                     *Plaintiff*
TUTOR PERINI CORPORATION F/K/A PERINI CORPORATION AND HENRY K. CHEUNG,

SACKSTEIN, ET AL.
1140 FRANKLIN AVE STE 210
GARDEN CITY, N.Y. 11530
COURT DATE

                                                         *Defendant*

CLIENT'S FILE NO.:

STATE OF New York: COUNTY OF Nassau    ss:

Robert Piaskowy, being duly sworn deposes and says:

That on 11/6/2013 at 3:47 PM, deponent personally delivered to, and left with  A. JOHN whom deponent knew to be the clerk duly authorize to accept service of process for and on behalf of the Secretary of State of the State of New York, a true copy of the SUMMONS AND VERIFIED COMPLAINT  In the above entitled action, together with the fee of $10.00, as a service upon HENRY K. CHEUNG one of the defendant's in this action;

that such service was made at a regularly established office of the Secretary of the State of New York, C/O SEC OF STATE, VTL 253, NEW YORK, NY, 10038

pursuant to Section 253/254 of the Vehicle and Traffic Laws of the State of New York.

Forthwith, following service of the said process upon the Secretary of State as aforesaid, deponent duly sent by certified mail and return rece requested, a notice of such service and a true copy of the SUMMONS AND VERIFIED COMPLAINT herein to the defendant at 178 LIMEKIL ROAD, RIDGEFIELD, CT  06877

by placing sufficient postage, duly certified the same with due request for return receipt requested, and personally leaving the same at the United States Postal Service in the State of New York for transmittal in the mail on 11/15/2013.

CERT MAIL 7012 3460 0001 1660 4003 & RETURN RECEIPT REQUESTED

A description of the person served on behalf of the defendant is as follows:
Approx Age: 32, Approx Weight: 161-200 lbs, Approx Height: Over 6ft, Sex: Male, Approx Skin: White, Approx Hair: Brown

Sworn to before me on 11/15/2013
Bruce J. Smilowitz 01SM4965926
Notary Public, State of New York
Qualified in Nassau County
Commission Expires April 30, 2014



Robert Piaskowy
1298947

R/D TRAVELER'S 206 Stonehinge Lane - Suite 2, Carle Place, NY 11514 - NYC DCA LIC # 1373465



# SUPREME COURT OF THE STATE OF NEW YORK
# QUEENS COUNTY

EUIJA BYUN,

Plaintiff

- AGAINST -

TUTOR PERINI CORPORATION F/K/A PERINI CORPORATION AND HENRY K. CHEUNG,

Defendant

## INDEX NO. 20237/13

RECEIVED

DEC 0 5 2013

COUNTY CLERK
QUEENS COUNTY

Sackstein, Et Al.
1140 Franklin Ave Ste 210
Garden City, N.Y. 11530
(516) 248-2234

JOB# 433113

SENDER: COMPLETE THIS SECTION

COMPLETE THIS SECTION ON DELIVERY

7012 3460 0001 1660 4003

3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X
EUIJA BYUN

                                    Plaintiff,            Index No. 20237/2013


                                                         **VERIFIED ANSWER**

        -against-

TUTOR PERINI CORPORATION  f/k/a PERINI
CORPORATION  and HENRY K. CHEUNG,

                                    Defendants.
-----------------------------------------------------------------X

        Defendants,   TUTOR PERINI CORPORATION  f/k/a PERINI CORPORATION  and

HENRY  K. CHEUNG  (hereinafter also "Defendants" or "Defendant"), by their attorneys, Law

Offices of Kenneth Arthur Rigby, PLLC, as and for their Verified Answer ( hereinafter also

"Verified Answer" and/or "Answer") to the Verified Complaint (herein after  also "Complaint"),

dated October 24, 2013, state as follows:

1.      Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraphs 1, 5, 6, 7, 8, 9, 10, 11, 12, 14, 15, 16, 17, 19, 22, 23, 24, 25,

26, and 32 of the Complaint.

2.      Deny the allegations set forth in paragraphs 20, 21, 27, 28, 29, 30, 31, and 33 of the

Complaint.

3.      Admit the allegations set forth in paragraph 2, 3, 4, 13,  and 18 of the Complaint.

                <u>AS AND FOR A FIRST AFFIRMATIVE DEFENSE</u>

4.      Plaintiff fails to state a cause of action upon which relief may be granted upon these

answering defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

5.     If plaintiff was caused to suffer any loss or damages as alleged in the Complaint, such were caused, in whole or in part, by reason of the carelessness and negligence on the part of the plaintiff, without any fault, negligence or want of care on the part of these answering defendants contributing thereto.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

6.     Plaintiff has failed to mitigate her damages.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

7.     The liability of these answering defendants, if any, pursuant to the provisions of CPLR§ 1601, is limited to the percentage of culpability found against them individually, and these answering defendants shall not be responsible for any percentage of culpability attributed to other individuals and/or entities, whether named or unnamed, over whom plaintiff could have obtained personal jurisdiction with due diligence.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

8.     Any past or future cost or medical expenses incurred or to be incurred by plaintiff for medical care, custodial care or rehabilitative services, loss of earnings, or other economic loss, has or will with reasonable certainty be replaced or indemnified in whole or in part from collateral sources as defined under Section 4545 of the New York Civil Practice Law and Rules, and if any damages are recovered against these answering defendants, the amount of such damages shall be diminished by the amount of funds which plaintiff has or shall receive from such collateral sources as insurance, social security, workers compensation, or employee benefit programs.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

9.      If plaintiff has or will suffer any damages as alleged, such were caused solely by the acts or omissions of third parties over whom these answering defendants exercised no control.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

10.      The alleged defect/condition upon which plaintiff was injured was open and obvious and defendants, therefore, owed plaintiff no duty and cannot be found negligent.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

11.      Plaintiff knowingly and voluntarily assumed the risk of injury.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

12.      Plaintiff did not sustain serious injury as defined in Section 5102(d) of the Insurance Law.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

13.      Plaintiff failed to sustain economic loss greater than basic economic loss so as to satisfy the exceptions to Section 5104 of the Insurance Law.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

14.      Plaintiff's actions were the sole proximate cause of her injuries.


WHEREFORE, defendants, TUTOR PERINI CORPORATION f/k/a PERINI CORPORATION and HENRY K. CHEUNG, demand judgment dismissing the Verified Complaint of plaintiff, EUIJA BYUN, dated October 24, 2013, and respectfully request that this Court grant such other and further relief as it deems just and proper.

Dated: January 8, 2014

Respectfully submitted,

Law Offices of Kenneth Arthur Rigby, PLLC
 Attorneys for Defendants TUTOR PERINI CORPORATION
f/k/a PERINI CORPORATION and HENRY K. CHEUNG

By: _____
    Kenneth Arthur Rigby, Esq.
    15 Maiden Lane, Suite 1500
    New York, New York 10038
    (212) 629-7575

TO:

Sackstein, Sackstein & Lee, LLP
Attorneys for Plaintiff
1140 Franklin Avenue, Suite 210
Garden City, NY 11530
(516) 248-2234

## ATTORNEY'S VERIFICATION

Kenneth Arthur Rigby, an attorney duly admitted to practice law in the State of New York, affirms the following statements to be true under the penalties of perjury:

That I am principal of the Law Offices of Kenneth Arthur Rigby, PLLC, the attorneys-of-record for defendants, TUTOR PERINI CORPORATION f/k/a PERINI CORPORATION and HENRY K. CHEUNG, in this action; that I have read the foregoing Verified Answer and know the contents thereof; that the same are true to my own knowledge except for those matters stated therein upon information and belief and, as to those matters, I believe such to be true.

That the grounds of my belief as to all matters not stated upon my knowledge are records, documents and/or information supplied by or on behalf of defendants or obtained through this law firm's investigation of the plaintiff's claims, and the contents of the case file maintained in affirmant's office.

That this verification is made pursuant to Section 3020(d)(3) of the New York Civil Practice Law and Rules on the ground that defendants are not within the county where the affirmant has his offices.

Dated: New York, New York
         January 8, 2014

Kenneth Arthur Rigby, Esq.

## **AFFIRMATION OF SERVICE BY OVERNIGHT MAIL**

Kenneth Arthur Rigby hereby affirms the following to be true under penalty of perjury:

That I am an attorney duly admitted to practice law in the Courts of the State of New York, and am a member and principal of The Law Offices of Kenneth Arthur Rigby, PLLC, and counsel for Respondents in this action. I am over the age of 18 years and not a party to this action.

That on the 8th day of January 2014, I served a copy of the foregoing **VERIFIED ANSWER and REQUEST FOR SUPPLEMENTAL DEMAND PURSUANT TO CPLR 3017(c)** on the following attorney(s) by Overnight Mail at the following address(es):

Sackstein, Sackstein & Lee, LLP
Attorneys for Plaintiff
1140 Franklin Avenue, Suite 210
Garden City, NY 11530
(516) 248-2234

by depositing a true copy of the same securely enclosed in a pre-paid, properly addressed, wrapper marked overnight delivery in an official depository under the exclusive care and custody of Federal Express within the State of New York.

Dated:   New York, New York
         January 8, 2014

Kenneth Arthur Rigby, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X
EUIJA BYUN

                    Plaintiff,          Index No. 20237/2013

   -against-

                                   **REQUEST FOR SUPPLEMENTAL**
                                   **DEMAND**

TUTOR PERINI CORPORATION  f/k/a PERINI
CORPORATION  and HENRY K. CHEUNG,

                              Defendants.
-----------------------------------------------------------------X

      Defendants, TUTOR  PERINI  CORPORATION  f/k/a PERINI  CORPORATION  and

HENRY  K. CHEUNG  (hereinafter also "Defendants" or "Defendant"), by their attorneys, Law

Offices of Kenneth Arthur Rigby, PLLC, hereby, demand pursuant to Civil Practice Law and

Rules Section 3017 (c), that you produce in writing the following information within 15 days of

this Request:

1.   A  supplemental  demand  setting  forth  the  total  damages  to  which  plaintiff  deems  herself

entitled.

    Dated: January 8, 2014                 Respectfully submitted,

                                    Law Offices of Kenneth Arthur Rigby, PLLC
                                   Attorneys for Defendants TUTOR PERINI CORPORATION
                                   f/k/a PERINI CORPORATION and HENRY  K. CHEUNG

                             By:_____
                                 Kenneth Arthur Rigby, Esq.
                                 15 Maiden Lane, Suite 1500
                                 New York, New York 10038
                                 (212) 629-7575

TO:

Sackstein, Sackstein & Lee, LLP
Attorneys for Plaintiff
1140 Franklin Avenue, Suite 210
Garden City, NY 11530
(516) 248-2234

## AFFIRMATION OF SERVICE BY OVERNIGHT MAIL

Kenneth Arthur Rigby hereby affirms the following to be true under penalty of perjury:

That I am an attorney duly admitted to practice law in the Courts of the State of New York, and am a member and principal of The Law Offices of Kenneth Arthur Rigby, PLLC, and counsel for Respondents in this action. I am over the age of 18 years and not a party to this action.

That on the 8th day of January 2014, I served a copy of the foregoing **VERIFIED ANSWER and REQUEST FOR SUPPLEMENTAL DEMAND PURSUANT TO CPLR 3017(c)** on the following attorney(s) by Overnight Mail at the following address(es):

Sackstein, Sackstein & Lee, LLP
Attorneys for Plaintiff
1140 Franklin Avenue, Suite 210
Garden City, NY 11530
(516) 248-2234

by depositing a true copy of the same securely enclosed in a pre-paid, properly addressed, wrapper marked overnight delivery in an official depository under the exclusive care and custody of Federal Express within the State of New York.

Dated:   New York, New York
         January 8, 2014

Kenneth Arthur Rigby, Esq

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
EUIJA BYUN,

                        Plaintiff,              PLAINTIFF'S RESPONSE TO
                                       DEFENDANTS' REQUEST
          -against-                 FOR SUPPLEMENTAL DEMAND

TUTOR PERINI CORPORATION f/k/a PERINI      Index No.: 20237/13
CORPORATION and HENRY K. CHEUNG,

                      Defendants.
-------------------------------------------------------------------X

       Plaintiffs, by her attorneys, SACKSTEIN SACKSTEIN & LEE, LLP, as and for her

response to the defendants' Request for Supplemental Demand, sets forth upon information and

belief as follows:

       1.     Plaintiff hereby demands the sum of One Million ($1,000,000.00) Dollars in

damages.

       Plaintiff reserves the right to supplement, alter and/or amend the foregoing up to and

including at the time of trial.

Dated: Garden City, New York
       January 13, 2014

                            Yours, etc.,

                            SACKSTEIN SACKSTEIN & LEE, LLP
                            By: _____
                             Christina C. Vassilas, Esq.
                            Attorneys for Plaintiff
                            1140 Franklin Avenue – Suite 210
                            Garden City, New York 11530
                            (516) 248-2234

TO: Law Offices of Kenneth Arthur Rigby, PLLC
     15 Maiden Lane – Suite 1500
     New York, New York 10038
     (212) 629-7575

Index No.: 20237/13                                    Cal. No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

EUIJA BYUN,

                         Plaintiff,

            -against-

TUTOR PERINI CORPORATION f/k/a PERINI CORPORATION and
HENRY K. CHEUNG,

                         Defendants.

PLAINTIFF"S RESPONSE TO DEFENDANTS' REQUEST

FOR SUPPLEMENTAL DEMAND

SACKSTEIN SACKSTEIN & LEE, LLP
Attorneys for Plaintiff
1140 Franklin Avenue - Suite 210
Garden City, New York 11530
(516) 248-2234

To:

*Attorneys for* Defendants

Service of a copy of the within                  is hereby admitted.

Dated                                  . . . . . . . . . . . . . . . . . . .
                                       Attorney(s) for

PLEASE TAKE NOTICE

☐          that the within is a (certified) true copy of a
           entered in the office of the clerk of the within named court on

NOTICE OF
ENTRY

☐          that an Order of which the within is a true copy will be presented
           for settlement to the Hon.               one of the
           judges of the within named Court.

NOTICE OF
SETTLEMENT
Dated:

*Sackstein Sackstein & Lee, LLP*
Attorneys at Law
1140 Franklin Avenue, Suite 210
Garden City, New York 11530

100385112

LONG ISLAND NY 117

14 JAN 2014 PM 2 T

Law Offices of Kenneth Arthur Rigby, PLLC
15 Maiden Lane – Suite 1500
New York, New York 10038

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X
EUIJA BYUN,

                               Plaintiff,                **NOTICE TO ADMIT**

          -against-

TUTOR PERINI CORPORATION f/k/a PERINI      Index No.: 20237/13
CORPORATION and HENRY K. CHEUNG,

                              Defendants.
-----------------------------------------------------------------X
**S I R S:**

      **PLEASE TAKE NOTICE**, that pursuant to CPLR § 3123, the Defendants, TUTOR

PERINI CORPORATION f/k/a PERINI CORPORATION and HENRY K. CHEUNG, are

hereby requested to furnish, within twenty (20) days after service of this notice, a written

admission of the following facts, or any part thereof:

     1.     That on the 12th day of June, 2013, the Defendant, TUTOR PERINI

CORPORATION f/k/a PERINI CORPORATION, was the owner of a motor vehicle bearing

State of New York Registration Number ESU7527.

     2.     That on the 12th day of June, 2013, the Defendant, TUTOR PERINI

CORPORATION f/k/a PERINI CORPORATION, was the registrant of a motor vehicle bearing

State of New York Registration Number ESU7527.

     3.     That on the 12th day of June, 2013, the Defendant, TUTOR PERINI

CORPORATION f/k/a PERINI CORPOARTION was the registrant of a motor vehicle bearing

Vehicle Identification Number 4JGBF71E88A347040.

     4.     That on the 12th day of June, 2013, the Defendant, TUTOR PERINI

CORPORATION f/k/a PERINI CORPOARTION was the lessee of a motor vehicle bearing State

of New York Registration Number ESU7527.

5.      That on the 12th day of June, 2013, the Defendant, HENRY K. CHEUNG, was the operator of a motor vehicle bearing State of New York Registration Number ESU7527.

6.      That on the 12th day of June, 2013, the Defendant, HENRY K. CHEUNG, was the operator of a motor vehicle bearing State of New York Registration Number ESU7527, and was operating said motor vehicle with the permission and consent of the Defendant, TUTOR PERINI CORPORATION f/k/a PERINI CORPORATION.

7.      That on the 12th day of June, 2013, the Defendant, HENRY K. CHEUNG, was the operator of a motor vehicle bearing State of New York Registration Number ESU7527, and was operating said motor vehicle with the permission and consent of the Defendant, TUTOR PERINI CORPORATION f/k/a PERINI CORPORATION, the owner thereof.

8.      That on the 12th day of June, 2013, the Defendant, HENRY K. CHEUNG, was the operator of a motor vehicle bearing State of New York Registration Number ESU7527, and was operating said motor vehicle with the permission and consent of the owner thereof.

9.      That on the 12th day of June, 2013, the Defendant, HENRY K. CHEUNG, was an employee of the Defendant, TUTOR PERINI CORPORATION f/k/a PERINI CORPORATION.

10.     That on the 12th day of June, 2013, the Defendant, HENRY K. CHEUNG, was an agent and/or servant of the Defendant, TUTOR PERINI CORPORATION f/k/a PERINI CORPORATION.

11.     That on the 12th day of June, 2013, the Defendant, HENRY K. CHEUNG, was the operator of a motor vehicle bearing State of New York Registration Number ESU7527, and was operating said motor vehicle while acting within the course of his employment.

12.     That on the 12th day of June, 2013, the Defendant, HENRY K. CHEUNG, was

the operator of a motor vehicle bearing State of New York Registration Number ESU7527, and

was operating said motor vehicle while acting within the course of his employment for the

Defendant, TUTOR PERINI CORPORATION f/k/a PERINI CORPORATION.

13.     That on the 12th day of June, 2013, a motor vehicle collision occurred between the

defendants' aforementioned subject motor vehicle and a pedestrian.

14.     That on the 12th day of June, 2013, a motor vehicle collision occurred between the

aforementioned subject motor vehicle and a pedestrian.

15.     That on the 12th day of June, 2013, a motor vehicle collision occurred between the

defendants' aforementioned subject motor vehicle and the plaintiff, EUIJA BYUN.

16.     That on the 12th day of June, 2013, a motor vehicle collision occurred between the

aforementioned subject motor vehicle and the plaintiff, EUIJA BYUN.


Dated: Garden City, New York
       January 13, 2014

                              Yours, etc.,

                              SACKSTEIN SACKSTEIN & LEE, LLP

                              By: _____
                                  Christina C. Vassilas, Esq.
                              Attorneys for Plaintiff
                              1140 Franklin Avenue – Suite 212
                              Garden City, New York 11530
                              (516) 248-2234


TO: Law Offices of Kenneth Arthur Rigby, PLLC
     15 Maiden Lane – Suite 1500
     New York, New York 10038
     (212) 629-7575

Index No.: 20237/13                                      Cal. No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

EUIJA BYUN,

                          Plaintiff,

          -against-

TUTOR PERINI CORPORATION f/k/a PERINI CORPORATION and
HENRY K. CHEUNG,

                          Defendants.

## NOTICE TO ADMIT

### SACKSTEIN SACKSTEIN & LEE, LLP
Attorneys for Plaintiff
1140 Franklin Avenue - Suite 210
Garden City, New York 11530
(516) 248-2234

To:

*Attorneys for* Defendants

Service of a copy of the within                       is hereby admitted.

Dated                                    . . . . . . . . . . . . . . . . . . .
                                         Attorney(s) for

PLEASE TAKE NOTICE

☐          that the within is a (certified) true copy of a
           entered in the office of the clerk of the within named court on

NOTICE OF
ENTRY

☐          that an Order of which the within is a true copy will be presented
           for settlement to the Hon.                 one of the
           judges of the within named Court.

NOTICE OF
SETTLEMENT
Dated:

*Sackstein Sackstein & Lee, LLP*
Attorneys at Law
1140 Franklin Avenue, Suite 210
Garden City, New York 11530

LONG ISLAND NY 117

14 JAN 2014 PM 9 L

100385112

Law Offices of Kenneth Arthur Rigby, PLLC
15 Maiden Lane - Suite 1500
New York, New York 10038

Entity Information

# NYS Department of State

7

## Division of Corporations

### Entity Information

The information contained in this database is current through January 29, 2014.

Selected Entity Name: TUTOR PERINI CORPORATION
Selected Entity Status Information

| | |
|---|---|
| **Current Entity Name:** | TUTOR PERINI CORPORATION |
| **DOS ID #:** | 32432 |
| **Initial DOS Filing Date:** | SEPTEMBER 16, 1932 |
| **County:** | NEW YORK |
| **Jurisdiction:** | MASSACHUSETTS |
| **Entity Type:** | FOREIGN BUSINESS CORPORATION |
| **Current Entity Status:** | ACTIVE |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

**Chief Executive Officer**
RONALD N. TUTOR
15901 OLDEN STREET
SYLMAR, CALIFORNIA, 91342

**Principal Executive Office**
TUTOR PERINI CORPORATION
15901 OLDEN STREET
SYLMAR, CALIFORNIA, 91342

**Registered Agent**
C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

This office does not record information regarding
the names and addresses of officers, shareholders or
directors of nonprofessional corporations except the
chief executive officer, if provided, which would be

listed above. Professional corporations must include the name(s) and address(es) of the initial officers, directors, and shareholders in the initial certificate of incorporation, however this information is not recorded and only available by viewing the certificate.

## *Stock Information

| # of Shares | Type of Stock | $ Value per Share |
| --- | --- | --- |
| | No Information Available | |

*Stock information is applicable to domestic business corporations.

### Name History

| Filing Date | Name Type | Entity Name |
| --- | --- | --- |
| JUN 23, 2009 | Actual | TUTOR PERINI CORPORATION |
| MAR 04, 1957 | Actual | PERINI CORPORATION |
| SEP 16, 1932 | Actual | B. PERINI & SONS, INC. |

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New York State. The entity must use the fictitious name when conducting its activities or business in New York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results                   New Search

Services/Programs   |   Privacy Policy   |   Accessibility Policy   |   Disclaimer   |   Return to DOS Homepage   |   Contact Us